**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL ADE ODUKOYA, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0513-AT-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-1468-AT-JFK |

**<u>UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION</u>**

Movant, Michael Ade Odukoya, has filed a counseled 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [237], Respondent's response [243], and Movant's reply [245]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

**I.  Background**

The grand jury sitting in the Northern District of Georgia indicted Movant on forty-five counts of fraud. (Indictment, ECF No. 10). Represented by R. Gary Spencer, Movant pleaded guilty to Count One, conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. (<u>See</u> Minute Entry, ECF No. 175; Guilty Plea and Plea

Agreement, ECF No. 175-1). After denying Movant's motion to withdraw his guilty plea, the Court imposed a 140-month sentence, entered on January 7, 2014. (See Mot. to Withdraw, ECF No. 181; Minute Entry, ECF No. 184; J., ECF No. 197). Movant appealed, and the Eleventh Circuit Court of Appeals granted counsel's motion to withdraw, found that an independent examination of the entire record revealed no arguable issues of merit, and affirmed the judgment against Movant. (USCA Op., ECF No. 231).

Movant now raises two grounds for collateral relief: ineffective assistance of counsel for failing (1) to file the motion to withdraw the guilty plea when initially requested by Movant and (2) to prepare adequately for trial and instead advising Movant to plead guilty, which resulted in an invalid guilty plea. (Mot. to Vacate at 5-6, ECF No. 237).[1]

---

[1]The undersigned discusses the portions of the *ex parte* hearings in this action that are relevant to Movant's claims that Mr. Spencer provided ineffective assistance. See Johnson v. Alabama, 256 F.3d 1156, 1179 (11th Cir. 2001) ("[W]hen a habeas petitioner . . . launches an attack on the reasonableness of his attorney's strategy in conjunction with a claim of ineffective assistance of counsel, he puts at issue his communications with counsel relating to those strategic choices.").

## II. 28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), cert. denied, _ U.S. _, 136 S. Ct. 267 (2015).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). Thus, a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. See Massaro v. United States, 538 U.S. 500, 505-09 (2003).

3

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

## III. Discussion

### A. Ground Two – Ineffective Assistance of Counsel for Failing to Adequately Prepare for Trial and Instead Advising Movant to Plead Guilty, which Resulted in an Invalid Guilty Plea[2]

Movant's trial was set for June 24, 2013. (Order of March 27, 2013, ECF No. 160). On June 24, after a pretrial conference on June 20, 2013, Movant orally moved for a continuance. (Minute Entries, ECF Nos. 171-73). Among other things, Movant stated, "since Mr. Spencer got on the case, I've had issues with him as far as my witnesses" and indicated that a trial witness, Derego George, had been deported. (Tr. of Pre-trial Hr'g at 3, 5, ECF No. 217). The Court held an *ex parte* hearing, and Mr. Spencer stated that Movant seemed to believe that there were witnesses who would be willing to come to court and place themselves in jeopardy to testify for Movant and that he had tried but had not been able to find the people whom Movant wanted as

---

[2]The Court addresses Ground Two first as it involves the guilty plea, which preceded the motion to withdraw the guilty plea, the issue in Ground One.

4

witnesses. (Tr. of June 24, 2013, *Ex Parte* Hr'g at 5, 7, ECF No. 220). The Court inquired whether Movant had any idea where George was, and Movant stated, "Mr. George, I think, was deported to Nigeria or somewhere." (Id. at 8). Movant further stated,

> I let [Mr. Spencer] know that there would be a witness that would have to – you know, that has much of information – you know, information in my situation, you know, just like we have some other ones, you know. But he's gone. Do we have those here – you know, we have some of the witnesses here, but, you know, he's gone. And this is a situation where some person – one person saying that it's favorable to my defense comes in and states the facts as he knows because, you know, it's part of this whole indictment and, you know, which I think is better than having his testimony now, you know. . . .
>
> And then, again, I think it might be me and Mr. Spencer might have a conflict because I think he's frustrated. I don't know what's wrong. I think – I can't place it.

(Id.). The Court resumed the hearing with counsel for the government present, and the government stated that the case had been continued repeatedly, that Movant had previously raised speedy trial concerns, that it was prepared to go to trial, and that it opposed a continuance. (Tr. of Pre-trial Hr'g at 12). The Court asked Movant, "You recognize that it's a possibility that none of the witnesses you have in mind may be willing to come or be still available even if I do provide an extension?" (Id. at 17).

5

Movant responded that he understood and affirmed that he would like a continuance "I guess for me to try to find them . . . Your Honor ."[3] (Id.).

Later on June 24, 2012, the Court denied the motion for a continuance. (Minute Order of 6/24/2013). Movant then decided to plead guilty to Count One. (See Guilty Plea and Plea Agreement, ECF No. 175). In exchange, the government agreed, among other things, that it would dismiss all remaining counts and that it would not bring against Movant further criminal charges related to the charge to which he was pleading guilty. (Id. at 3-4).

During the plea proceedings, the Court fully considered Movant's concern with his counsel's assistance and whether or not he was pleading guilty because he did not think that counsel had provided adequate representation. (See Tr. of Plea Hr'g at 36-38, ECF No. 185; Tr. of *Ex Parte* Plea Hr'g at 1-8, ECF No. 186). After allowing Movant two additional hours to think about his decision to plead guilty, the Court asked Movant, "in your judgment, has Mr. Spencer provided adequate services so that you are able to make a decision as to – and a knowing decision, a voluntary decision about proceedings with the plea versus proceeding with trial?" (Tr. of Plea Hr'g at 39).

---

[3]There was no concrete evidence that the witnesses could be found or that they would have been willing and available to testify at trial.

6

Movant answered, "Yes, Your Honor" and confirmed that he wanted to plead guilty. (Id. at 40). After additional discussion, the Court found,

> I have observed [Movant] in this matter, and have considered his answers here today. I have explored to my satisfaction all of the concerns that – that he has raised at various times during the course of this proceeding and considered them and have – feel that I have – he has had opportunity to reflect on how he wants to proceed. And I am particularly confident, having looked at his demeanor and considered his certitude after the break today that he is making this decision on a fully voluntary, intelligent, and knowing basis, with the advice of competent counsel, and that his plea has a basis of fact that comprehends each and every element of the offenses charged to which he is pleading, which is one offense in this case. I therefore accept his guilty plea.

(Id. at 45-46).

Movant now asserts that his guilty plea was involuntary because counsel failed to find potential witnesses and that Movant felt coerced into pleading guilty rather than going to trial unprepared. (Mov't Mem. at 11, ECF No. 237-1). Specifically, Movant identifies the lack of George as a witness and contends that counsel failed to pursue the procedures that were available for attempting to depose George. (Id. at 12). Movant states that but for counsel's failure to adequately prepare for trial and locate potential witnesses, he would not have pleaded guilty but would have proceeded to trial. (Id.).

Respondent argues that the Court went to great pains to insure that Movant's guilty plea was voluntary notwithstanding counsel's inability to locate certain

7

witnesses and that Movant fails to show that his guilty plea is invalid. (Resp't Resp. at 13, ECF No. 243).[4]

Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him or her. Id. at 690-92; Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000) (stating that court may resolve an ineffective assistance claim based on either prong). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect on the outcome of the proceedings" does not show

---

[4]Movant has replied, but his reply does not add anything that changes the outcome. (See Mov't Reply at 3-4, ECF No. 245).

8

prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted).

In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. . . Solemn declarations in open court carry a strong presumption of verity." Winthrop-Redin v. United States, 767 F.3d 1210, 1216-17 (11th Cir. 2014) (first alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)) (internal quotation marks omitted). To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'" Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218 (11th Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)), cert. denied, _ U.S. _, 136 S. Ct. 798 (2016). "The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove 'serious derelictions' in his counsel's advice regarding the plea." Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (quoting McMann v. Richardson, 397 U.S. 759, 774 (1970)). Prejudice

AO 72A
(Rev.8/82)

requires a movant to show that the evidence that counsel should have obtained "likely would have changed the outcome of a trial." Hill, 474 U.S. at 59. "In other words, the question of whether a defendant would have insisted upon going to trial had attorney error not occurred with respect to the guilty plea will turn in large part upon whether the defendant might reasonably have achieved a more favorable outcome had he gone to trial." Nichols v. McNeil, No. 5:06CV58/RS-WCS, 2010 WL 358754, at *4 (N.D. Fla. Jan. 26, 2010) (discussing Hill).

Here, Movant asserts that counsel's pre-plea trial preparation and failure to locate witnesses was deficient such that his guilty plea is invalid. Movant does not identify what counsel should have done differently to prepare for trial and locate potential witnesses other than to state that counsel failed to locate and obtain George as a witness and failed to utilize available procedures for deposing George. Although Petitioner asserts that counsel was ineffective for failing to depose George, Petitioner through his current counsel also has failed to depose George or provide any concrete proffer as to what George – or any other witness – may have testified to at trial. See Gilreath v. Head, 234 F.3d 547, 552 n.12 (11th Cir. 2000) (stating that if a petitioner complains of counsel's failure to obtain witnesses, he must "show that witnesses not presented at trial actually were available and willing to testify at time of trial" (citing

10

Horsley v. State of Ala., 45 F.3d 1486, 1494-95 (11th Cir. 1995)); see also Hill v. Moore, 175 F.3d 915, 923 (11th Cir. 1999) (holding that absent proffer of evidence, the petitioner could not show prejudice based on counsel's failure to introduce such evidence). Absent any concrete showing as to what further effort by counsel would have revealed, Movant cannot demonstrate that there is a reasonable probability that different or additional effort by counsel would have (1) changed counsel's advice or (2) changed the circumstances faced by Movant when he made his plea decision – such that there is a reasonable probability that Movant would have proceeded to trial on all forty-five charges. Movant also fails to demonstrate that there is any reasonable probability that he would have achieved a more favorable outcome had he gone to trial on all forty-five counts. Ground Two fails.

### B. Ground One – Ineffective Assistance of Counsel for Failing to File the Motion to Withdraw the Guilty Plea when Initially Requested by Movant

In October 2013, Movant moved that his June 25, 2013, guilty plea be withdrawn on the grounds that he believed that witnesses existed who may have exculpatory evidence, that counsel did not do a sufficient job of locating those witnesses or preparing for trial, and that he pleaded guilty because his only other option was to go to trial unprepared. (Mot. to Withdraw at 1-3). The record shows (1)

11

that Movant contacted the Court's courtroom deputy "approximately two months" before October 31, 2013, and inquired as to how move to withdraw his guilty plea, (Tr. of Hr'g on Mot. to Withdraw at 2, ECF No. 218), and (2) that Movant contacted Mr. Spencer to withdraw his guilty plea soon after he pleaded guilty but that Mr. Spencer did not file the motion until October, (Tr. of *Ex Parte* Hr'g on Mot. to Withdraw at 20, ECF No. 219).

At the hearing on the motion to withdraw, the government argued that Movant had received close assistance of counsel in deciding whether to plead guilty; that Movant was not really contesting his guilt to the one count to which he had pleaded guilty but was attempting to contest his role in the offense and the scope of his relevant conduct, which should be addressed at sentencing; and that the government would be prejudiced if Movant was allowed to withdraw his guilty plea. (Tr. of Hr'g on Mot. to Withdraw at 4-9).

The Court continued the hearing, *ex parte*, to hear testimony from Movant and Mr. Spencer. (Tr. of *Ex Parte* Hr'g on Mot. to Withdraw). Movant stated that he wished to withdraw his guilty plea because lack of certain witnesses had caused him to feel unprepared for trial. (Id. at 3-9). The Court stated,

12

> [O]ne of the things that I'm most interested in is . . . is the real issue here in fact that you think you weren't guilty of all the things they're . . . alleging that you're responsible for, but that you have some guilt in this matter? . . . Or are you instead saying I had nothing to do with this, I wasn't involved in any type of . . . bank check moving that was fraudulent?

(<u>Id.</u> at 19). Movant responded that it was the first option. (<u>Id.</u>). The Court stated that it believed counsel for the government was correct in stating that the issues that Movant was concerned about "can be addressed at the sentencing hearing." (<u>Id.</u> at 21).

After the Court resumed the hearing with counsel for the government present, the Court found: (1) that Mr. Spencer had provided appropriate legal assistance; (2) that Movant had received sufficient time to make his plea decision; (3) that Mr. Spencer had made appropriate effort to find witnesses; (4) that a grant of the motion to withdraw would prejudice the government; and (5) that a grant of the motion "would be a real waste of judicial resources, because the real issue here is, as [counsel for the government] said before, what was the scope of [Movant's] involvement[.]" (Tr. of Hr'g on Mot. to Withdraw at 14-15). The Court explained to Movant that the scope of his involvement would be examined during the sentencing process. (<u>Id.</u> at 15). The Court denied the motion and found as follows –

13

AO 72A
(Rev.8/82)

> I think you absolutely understood that you were pleading guilty to some part in the conspiracy. And I think that's totally consistent with what your position is. You just don't think that you are responsible for much of what the Government says now that you might be responsible for as . . . you believe you, if I understand it correctly, are a minor player not somebody who was responsible as an organizer or manager of this or one who was involved in all different aspects of this conspiracy.
>
> And that's the way I'm going to approach this. That I'm going to approach this as . . . the scope of your involvement is what's at issue . . . . [T]here were enough facts to support that – that plea and the elements of – of a agreement that you were involved with a conspiracy. Therefore, I'm going to deny your motion to withdraw your plea.

(Id. at 15-16). The Court also stated,

> I don't feel that you have repudiated the base element of your plea, because I – to the extent that the Government might take the position that you did, I want to clarify that I don't think that [Movant] has retracted that, because it's important as to your getting some credit for having voluntarily assumed responsibility . . . .

(Id. at 17-18).

Movant now argues that counsel was ineffective for waiting months before filing the motion to withdraw the guilty plea instead of filing it promptly in response to Movant's June 28, 2013, request that he do so. (Mov't Mem. at 8-10). Movant asserts that, had counsel filed the motion when requested, there is a reasonable probability that a withdrawal would have been allowed on the grounds that he did not have close assistance of counsel, that his plea was not knowing and voluntary, that judicial

14

resources would not have been affected if the motion had been promptly filed, and that the government would not have been prejudiced if the motion had been promptly filed. (Id. at 10).

Respondent argues (1) that, at the time the Court denied Movant's motion to withdraw his guilty plea, it was fully aware that Movant had indicated a desire to withdraw his guilty plea soon after pleading guilty and (2) that the record does not support a finding that absent the delay in filing the motion there is a reasonable probability that the Court's decision would have been any different. (Resp't Resp. at 10). Respondent asserts that the degree of prejudice to the government would have been the same based on the same logistical concerns that the Court considered in denying a trial continuance; that the Court already has found that Petitioner received close assistance of counsel, as supported by the record; and that Petitioner fails to show that his guilty plea was involuntary or unknowing. (Id. at 11, 12). Respondent also states that the Court already has found that a withdrawal of the guilty plea would waste judicial resources because Movant did not deny his involvement in the conspiracy but simply wished to challenge his role in the conspiracy, which was more appropriately litigated as a sentencing issue. (Id. at 12-13).

15

Movant replies that the government's opposition to withdrawal of the plea was largely based on witness availability and that prejudice to the government would undoubtedly have been minimized if counsel had filed the motion earlier. (Mov't Reply at 2).

The Strickland standard again applies. At the hearing on the motion to withdraw his guilty plea, the Court was fully aware that Movant had wanted to withdraw his guilty plea soon after pleading guilty and there is no indication in the record that the Court denied the motion because Mr. Spencer did not file the motion earlier. As shown in the above discussion of the hearing, the Court's principle reason for denying the motion was its determination that Movant was not actually denying that he was guilty of the one count to which he pleaded guilty. The Court specifically indicated to the government that it did not deem Petitioner's argument to be a repudiation of his plea. There is no reasonable probability that an earlier filing by counsel would have changed the Court's decision.

## IV. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to show that counsel provided ineffective assistance in regard to the guilty plea or the motion to withdraw the guilty plea. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

17

Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. <u>Conclusion</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [237] to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 15th day of May, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)