# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL ADE ODUKOYA, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0513-AT-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-1468-AT-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Petitioner's counseled 28 U.S.C. § 2255 motion to vacate [Doc. 237]; the Magistrate Judge's Final Report and Recommendation, which recommends that the motion and a certificate of appealability ("COA") be denied [Doc. 246]; and Movant's objections [Doc. 248].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The District Judge must "give fresh consideration to those issues to which specific objection has been made by a

party." *Jeffrey S. v. State Bd. of Educ. of Ga.,* 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I. Discussion

Movant, indicted on forty-five counts of fraud, (Indictment, Doc. 10), and represented by R. Gary Spencer, pleaded guilty to Count One, conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. (*See* Minute Entry, Doc. 175; Guilty Plea and Plea Agreement, Doc. 175-1.) The Court subsequently denied Movant's motion to withdraw his guilty plea and imposed a 140-month sentence. (*See* Mot. to Withdraw, Doc. 181; Minute Entry, Doc. 184; J., Doc. 197.) Movant appealed, and the Eleventh Circuit Court of Appeals granted counsel's motion to withdraw, found that an independent examination of the entire record revealed no arguable issues of merit, and affirmed the judgment against Movant. (USCA Op., Doc. 231.)

Movant now raises two grounds for collateral relief: ineffective assistance of counsel for failing (1) to file the motion to withdraw the guilty plea when initially requested by Movant and (2) to prepare adequately for trial and advising Movant to

plead guilty, which resulted in an invalid guilty plea. (Mot. to Vacate at 5-6, Doc. 237.) The Court addresses the grounds in the same sequence as addressed by the Magistrate Judge.

### A. Ground Two

The Magistrate Judge summarized ground two as follows –

> Movant . . . asserts that his guilty plea was involuntary because counsel failed to find potential witnesses and that Movant felt coerced into pleading guilty rather than going to trial unprepared. Specifically, Movant identifies the lack of [Derego] George as a witness and contends that counsel failed to pursue the procedures that were available for attempting to depose George. Movant states that but for counsel's failure to adequately prepare for trial and locate potential witnesses, he would not have pleaded guilty but would have proceeded to trial.

(R&R at 7, Doc. 246 (citations omitted).) After reviewing the legal standard under Strickland v. Washington, 466 U.S. 668, 687 (1984), the Magistrate Judge found as follows –

> Movant does not identify what counsel should have done differently to prepare for trial and locate potential witnesses other than to state that counsel failed to locate and obtain George as a witness and failed to utilize available procedures for deposing George. Although Petitioner asserts that counsel was ineffective for failing to depose George, Petitioner through his current counsel also has failed to depose George or provide any concrete proffer as to what George – or any other witness – may have testified to at trial. *See Gilreath v. Head*, 234 F.3d 547, 552 n.12 (11th Cir. 2000) (stating that if a petitioner complains of counsel's failure to obtain witnesses, he must "show that witnesses not presented at trial actually were available and willing to testify at time of trial" (citing *Horsley v. State of Ala.*, 45 F.3d 1486, 1494-95 (11th Cir. 1995)); *see also Hill v. Moore*, 175 F.3d 915, 923 (11th Cir. 1999) (holding that absent proffer of evidence, the petitioner could not show prejudice based

3

on counsel's failure to introduce such evidence). Absent any concrete showing as to what further effort by counsel would have revealed, Movant **cannot demonstrate that there is a reasonable probability that different or additional effort by counsel would have (1) changed counsel's advice or (2) changed the circumstances faced by Movant when he made his plea decision** – such that there is a reasonable probability that Movant would have proceeded to trial on all forty-five charges. Movant also fails to demonstrate that there is any reasonable probability that he would have achieved a more favorable outcome had he gone to trial on all forty-five counts. Ground Two fails.

(R&R at 10-11 (emphasis added).)

Movant objects to the finding, bolded above, that he "cannot demonstrate that there is a reasonable probability that different or additional effort by counsel would have (1) changed counsel's advice or (2) changed the circumstances faced by Movant when he made his plea decision. . . ." (Objections at 3, Doc. 248.) Movant asserts (1) that he was forced to plead guilty because counsel failed to find potential witnesses, adequately prepare for trial, or provide Movant with an explanation of any trial defense, (2) that the government has not provided an affidavit to refute his claim that counsel did not explain any trial defense, (3) that the record does not contradict his claim that counsel was unprepared for trial, and (4) that trial counsel has not provided a declaration to refute his claims. (*Id.* at 4.)

Movant's objections must be overruled. Although Movant points to the lack of affidavits/declarations by the government and prior counsel to contradict his claims, in collateral proceedings the burden belongs to Movant to demonstrate that he was

4

prejudiced by deficient representation, which burden Movant fails to meet. The Magistrate Judge's finding which Movant quotes is an incomplete quotation and leaves out the portion of the finding that sets forth why his claim fails. Significantly for Movant on the matter of meeting his burden, he "does not identify what counsel should have done differently to prepare for trial and locate potential witnesses other than to state that counsel failed to locate and obtain George as a witness and failed to utilize available procedures for deposing George. . . [, and Movant] through his current counsel has failed to provide any concrete proffer as to what George – or any other witness – may have testified to at trial." (R&R at 10.) The Court discerns no error in the Magistrate Judge's finding and recommendation, and ground two fails.

### B. Ground One

The Magistrate Judge thoroughly reviewed the relevant proceedings in regard to the guilty plea and the motion to withdraw the guilty plea (over which the undersigned presided), which consisted of hearings on both the guilty plea and the motion to withdraw, a significant recess to allow Movant time to think about his decision to plead guilty, ex parte hearings to allow Movant and counsel to discuss before the Court Movant's concerns, and the Court's careful inquiry into the nature of Movant's concerns in filing the motion to withdraw his guilty plea. (R&R at 4-7, 11-14). The Court does not find it necessary to fully repeat the Magistrate Judge's review of those proceedings here. The Court additionally adds that the procedure

AO 72A
(Rev.8/8 2)

employed by the undersigned in regard to both the guilty plea and the motion to withdraw was both careful and thorough.

The Magistrate Judge summarized Movant's ground one as follows –

Movant . . . argues that counsel was ineffective for waiting months before filing the motion to withdraw the guilty plea instead of filing it promptly in response to Movant's June 28, 2013, request that he do so. Movant asserts that, had counsel filed the motion when requested, there is a reasonable probability that a withdrawal would have been allowed on the grounds that he did not have close assistance of counsel, that his plea was not knowing and voluntary, that judicial resources would not have been affected if the motion had been promptly filed, and that the government would not have been prejudiced if the motion had been promptly filed.

(R&R at 14-15 (citations omitted).) The Magistrate Judge found as follows –

At the hearing on the motion to withdraw his guilty plea, the Court was fully aware that Movant had wanted to withdraw his guilty plea soon after pleading guilty and there is no indication in the record that the Court denied the motion because Mr. Spencer did not file the motion earlier. As shown in the above discussion of the hearing,[1] the Court's principle reason for denying the motion was its determination that Movant was not actually denying that he was guilty of the one count to which he pleaded guilty. The Court specifically indicated to the government that it did not deem Petitioner's argument to be a repudiation of his plea. There is no reasonable probability that an earlier filing by counsel would have changed the Court's decision.

(*Id.* at 16.)

Movant objects to the R&R to the extent that it (1) implies that counsel's delay in filing the motion to withdraw had no effect on the Court's decision and (2) finds

---

[1] (*See* R&R at 11-14.)

6

that there is no reasonable probability that an earlier filing would have changed the Court's decision. (Objections at 5.) Movant argues that delay in filing a motion to withdraw a guilty plea must be considered, as stated in *United States v. Buckles*, 843 F.2d 469, 471-73 (11th Cir. 1988), and *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). (Objections at 5.) Otherwise, Movant essentially repeats the arguments that he previously raised before the Magistrate Judge and asserts that he promptly indicated his desire to withdraw his guilty plea and that the counsel's delay in filing the motion undoubtedly played a role in the Court's decision to deny the motion to withdraw. (*Id.* at 6-7.)

Under *Buckles*, the decision to allow withdrawal of a guilty plea is left to the sound discretion of the trial court. *Buckles*, 843 F.2d at 471. In determining whether a defendant has met his burden of showing a fair and just reason for withdrawing his plea, the court "may consider the totality of the circumstances surrounding the plea." *Id.* at 471-72. Relevant factors include "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved . . . ; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted). The court also stated, "[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Id.* at 473; *see also Brehm*, 442 F.2d at 1298.

The general rule – that a greater delay in filing a motion to withdraw a guilty plea requires a greater justification for withdrawal – does not alter the Court's discretion to fully consider the circumstances and the course of the proceedings. Here, the Court fully and carefully considered those circumstances and determined (1) that Movant was not attempting to deny that he was in fact guilty of the one count to which he pleaded guilty and (2) that it did not deem Movant's argument to be a repudiation of his plea. The Court has reviewed its earlier, cautious inquiry and its considered decision on the matter, and the Court agrees with the Magistrate Judge's finding that there is no reasonable probability that an earlier filing by counsel would have changed the Court's decision. Ground one fails.

## II. Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff's objections [Doc. 248] are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation [Doc. 246] is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that the motion to vacate [Doc. 237] and a COA are **DENIED** and that this action is **DISMISSED**.

**IT IS SO ORDERED**, this 21st day of June, 2017.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)